IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW L. RAKERS, as Special Administrator of the Estate of MARY A. RAKERS, Deceased., <br><br> Plaintiff, <br><br> v. <br><br> ETHEX CORPORATION, KV PHARMACEUTICAL COMPANY, and WAL-MART STORES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 10 CV 463-DRH-CJP ) ) ) ) ) ) ) |

### DEFENDANT ETHEX CORPORATION'S ANSWER

Defendant ETHEX Corporation ("ETHEX") for its Answer to Plaintiff's Complaint, states as follows:

### Count I - Products Liability vs. ETHEX Corporation

1. ETHEX states Exhibit A speaks for itself and denies any allegation inconsistent therewith. Answering further, ETHEX admits Plaintiff purports to bring this action pursuant to the Illinois Wrongful Death Act but denies Plaintiff is entitled to any relief under the Act and denies any remaining allegation in Paragraph 1 of the Complaint.

2. ETHEX admits that it was in the business of distributing pharmaceutical products and denies the remaining allegations of Paragraph 2 of the Complaint.

3. ETHEX admits that it distributed Isosorbide Mononitrate but does not admit that the Isosorbide Mononitrate at issue in this matter was distributed by ETHEX and denies the remaining allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, ETHEX denies the allegations of Paragraph 4.

5. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies them.

6. ETHEX denies the allegations in Paragraph 6, including its subparts, of the Complaint.

7. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies them.

8. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies them.

9. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. ETHEX denies the allegations in Paragraph 12 of the Complaint.

13. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies them. Answering further, ETHEX denies the allegations of Paragraph 13 to the extent they imply Decedent's death was a result of any conduct on ETHEX's part.

### Count II - Negligence vs. ETHEX Corporation

1. ETHEX states Exhibit A speaks for itself and denies any allegation inconsistent therewith. Answering further, ETHEX admits Plaintiff purports to bring this action pursuant to the Illinois Wrongful Death Act but denies Plaintiff is entitled to any relief under the Act and denies any remaining allegation in Paragraph 1 of the Complaint.

2. ETHEX admits that it was in the business of distributing pharmaceutical products and denies the remaining allegations of Paragraph 2 of the Complaint.

3. ETHEX admits that it distributed Isosorbide Mononitrate but does not admit that the Isosorbide Mononitrate at issue in this matter was distributed by ETHEX and denies the remaining allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, ETHEX denies the allegations of Paragraph 4.

5. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies them.

6. ETHEX denies the allegations in Paragraph 6, including its subparts, of the Complaint.

7. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies them.

8. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies them.

9. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. ETHEX denies the allegations in Paragraph 12 of the Complaint.

13.     ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies them. Answering further, ETHEX denies the allegations of Paragraph 13 to the extent they imply Decedent's death was a result of any conduct on ETHEX's part.

### Count III - Breach of Warranty vs. ETHEX Corporation

1.      ETHEX states Exhibit A speaks for itself and denies any allegation inconsistent therewith. Answering further, ETHEX admits Plaintiff purports to bring this action pursuant to the Illinois Wrongful Death Act but denies Plaintiff is entitled to any relief under the Act and denies any remaining allegation in Paragraph 1 of the Complaint.

2.      ETHEX admits that it was in the business of distributing pharmaceutical products and denies the remaining allegations of Paragraph 2 of the Complaint.

3.      ETHEX admits that it distributed Isosorbide Mononitrate but does not admit that the Isosorbide Mononitrate at issue in this matter was distributed by ETHEX and denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, ETHEX denies the allegations of Paragraph 4.

5.      ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies them.

6.      ETHEX denies the allegations in Paragraph 6, including its subparts, of the Complaint.

7.      ETHEX denies the allegations in Paragraph 7 of the Complaint.

8.      ETHEX denies the allegations in Paragraph 8 of the Complaint.

9.      ETHEX denies the allegations in Paragraph 9 of the Complaint.

23313350\V-2

10. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies them.

13. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies them.

14. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies them.

15. ETHEX denies the allegations in Paragraph 15 of the Complaint.

16. ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies them. Answering further, ETHEX denies the allegations of Paragraph 16 to the extent they imply Decedent's death was a result of any conduct on ETHEX's part.

### Count IV - Products Liability vs. KV Pharmaceutical Company

1-13. The allegations of Paragraphs 1-13 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-13 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

### Count V - Negligence vs. KV Pharmaceutical Company

1-13. The allegations of Paragraphs 1-13 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-13 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

### Count VI - Breach of Warranty vs. KV Pharmaceutical Company

1-16. The allegations of Paragraphs 1-16 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-16 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

### Count VII - Products Liability vs. Wal-Mart Stores, Inc.

1-13. The allegations of Paragraphs 1-13 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-13 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

### Count VIII - Negligence vs. Wal-Mart Stores, Inc.

1-13. The allegations of Paragraphs 1-13 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-13 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

### Count IX - Breach of Warranty vs. Wal-Mart Stores, Inc.

1-16. The allegations of Paragraphs 1-16 are not directed to ETHEX and, therefore, no response is required. To the extent any allegation contained in Paragraphs 1-16 may be construed as directed against ETHEX, then ETHEX denies each and every such allegation.

ETHEX reserves the right to rely upon defenses that become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

WHEREFORE, ETHEX Corporation respectfully requests judgment dismissing Plaintiff's Complaint and awarding ETHEX costs, interests, attorney's fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: /s/Deborah C. Druley
Stephen H. Rovak #06227260
Deborah C. Druley #06255705
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
(314) 241-1800  Telephone
(314) 259-5959  Facsimile

*Attorneys for Defendants KV Pharmaceutical Company, ETHEX Corporation, and Wal-Mart Stores, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2010, I served a copy of the foregoing by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filings to:

Daniel R. Price
Wham & Wham Attorneys
212 E. Broadway, P.O. Box 549
Centralia, IL 62801

/s/Deborah C. Druley